# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JULIA RIELINGER, | ) Case No. 1:25-CV-00481-LM-TSM |
| 5 Tsienneto Road, #177 | ) |
| Derry, NH 03038 | ) JUDGE |
| Plaintiff, | ) |
| V | ) |
| CLEVELAND CHINATOWN | ) |
| DEVELOPMENT LLC ; | ) |
| NANCY LIANG, individually and in her capacity) | |
| as attorney n agent for Cleveland Chinatown | ) |
| Development LLC; | ) |
| 6105 Parkland Blvd. Ste 230,Mayfield Hts, OH) | |
| 44124 | ) |
| SHAOJIA HUANG, individually and in his | |
| capacity | ) |
| as owner and property manager for | ) |
| Cleveland Chinatown Development LLC | ) |
| ("CCD") | ) |
| 33427 Lakeshore Blvd., Eastlake, OH 44095) | |
| DL Thompson LLC | ) |
| DAVID THOMPSON, individually; | ) |
| 19406 Meadowlark Lane) | |
| Warrensville Hts, OH 44128) | |
| JOHN DOE MOVERS 1–5, individually, | ) |
| DEBRA BROWN | ) |
| PHILIP MCCALL | ) |

1

10705 Grace Ave, Garfield Hts, OH 44125          )

Defendants.                                      )

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983, §1985) AND STATE LAW CLAIMS WITH JURY DEMAND

Plaintiff **Julia Rielinger** by and for her Complaint against Defendants, alleges as follows: This is a civil rights and due process action arising from Defendants' intentional misuse of state court eviction proceedings in Cleveland, Ohio, resulting in the unlawful seizure and destruction of Plaintiff's business property, personal property and the collapse of her commercial activities. Defendants' conduct violated Plaintiff's constitutional rights, damaged her personal, business and reputation, and caused severe financial and emotional harm. Plaintiff demands a trial by jury on all issues so triable.

## I.      PARTIES

1. Plaintiff, JULIA RIELINGER ("Plaintiff"), is a natural person and permanent resident of the State of New Hampshire, domiciled at 5 Tsienneto Road, #177, Derry, NH 03038.

2. Plaintiff financially invested in and supported two commercial businesses operating in Cleveland, Ohio. Plaintiff contributed capital, purchased commercial equipment, antique furniture, medical devices, merchandise inventory, and construction tools for the operation of businesses at Defendants' commercial premises. Plaintiff did not execute any lease with Defendants and was not the tenant or registered agent of the tenants. Plaintiff was simply the investors for the two companies who were tenants of Defendant CCD whom CCD evicted without serving on the agent of the companies and as result causing Plaintiff suffer tremendous loss financially, physically and mentally and causing Plaintiff suffer constantly harassment, putting Plaintiff's life in imminent danger.

3. Despite knowing that Plaintiff was not the tenant or registered agent, Defendants repeatedly

2

named Plaintiff as a defendant in multiple eviction actions in Cleveland Municipal Court, misrepresenting Plaintiff's legal role and misleading the court. As a result of Defendants' misconduct, Plaintiff's business property was unlawfully seized and destroyed, Plaintiff was targeted as victim of Defendant Thompson, Brown and McCall's constant phone, text harassment and threat which events are continuing and happening in New Hampshire.

4. Defendant CLEVELAND CHINATOWN DEVELOPMENT LLC ("CCD") is an Ohio limited liability company with its principal place of business in Cleveland, Ohio. CCD owned and managed the commercial premises where the wrongful seizures and destruction of property occurred. CCD may be served through its statutory agent.

5. Defendant NANCY LIANG ("Liang") is an attorney licensed in the State of Ohio who represented CCD in the eviction proceedings. Upon information and belief, Liang also serves as a managing agent and decision-maker for CCD. Liang is sued individually and in her representative capacity for her role as attorney and agent for the company in filing wrongful eviction actions, submitting false statements to the court, and carrying out unlawful property seizures.

6. Defendant HUANG ("Huang"), full first name presently unknown, is the owner, property manager, and rent collector for CCD. Huang exercised managerial control over the premises at all relevant times. Huang is sued individually and in his representative capacity.

7. Defendant "DL Thompson LLC" is a registered business entity that participated in the removal and destruction of Plaintiff's property during the wrongful seizures on September 3, 2025 and November 13, 2025. The entity is not registered with the Ohio Secretary of State. It is sued under its trade name, and its true legal status will be identified through discovery.

8. Defendant DAVE THOMPSON is the owner, manager and agent of the business operating under the name "Dave Thompson Moving Company." Thompson directly participated in and ordered the unlawful removal of Plaintiff's property. He is sued individually.

9. Defendants JOHN DOE MOVERS 1–5 are individuals whose names are presently unknown who participated in the seizure, removal, and destruction of Plaintiff's property. They will be identified during discovery and are sued.

10. Defendants Debra Brown and Philip Mccall are the individuals who stole the property from Plaintiff by concerting with Defendant Dave Thompson to deprive Plaintiff's rights to her property.

11. Defendants Debra Brown constantly send harassing, threatening and coercive communications to Plaintiff in New Hampshire, including threats to destroy Plaintiff's property unless money was paid.

12. After Plaintiff filed writ at Supreme Court of Ohio, Cleveland Municipal Court finally acknowledged that Defendant listed Plaintiff as wrong party but that was too late because all Plaintiff property were illegally seized and destroyed before that decision. Defendant CCD misconduct caused the threat toward Plaintiff continue in NH every day.

## II      **JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983 and §1985.

11. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because those claims arise from the same case or controversy as the federal claims.

12. This Court has diversity jurisdiction under 28 U.S.C. §1332 because Plaintiff is a permanent resident of the State of New Hampshire and all Defendants are residents of Ohio. The amount in

controversy exceeds $75,000.

13. Personal jurisdiction exists because Defendants **purposefully directed** their intentional tortious conduct (harassing and coercive communications, threats, and intimidation) **into New Hampshire,** while Plaintiff was physically present in New Hampshire, intending to cause harm here and to coerce Plaintiff's actions from within this forum Plaintiff was located in New Hampshire and intending that Plaintiff would suffer harm here.

14. Defendants' New Hampshire-directed conduct forms a substantial part of the factual basis for Plaintiff's claims, including claims for intrusion upon seclusion, intentional infliction of emotional distress, civil conspiracy and related relief.

Separately Defendants obtained and executed eviction orders through alleged misuse of state court process. Plaintiff asserts related constitutional claims under 42 U.S.C. §1983 and §1985.

15. Venue is proper in the District of New Hampshire under 28 U.S.C. §1391(b) because Plaintiff resides in this District, **a substantial part of the events giving rise to the claims occurred in this District,** including Defendants' concerted intentional transmission of threatening, coercive and harassing communications into New Hampshire, which were received by Plaintiff while physically present in New Hampshire and caused injury here.

## III.    <u>STATEMENT OF FACTS</u>

16. Plaintiff financially invested in and supported two commercial tenant companies operating at Defendant Chinatown Dev LLC  property. Plaintiff contributed at least $200,000 toward rent and at least $300,000 in improvements, including HVAC, electrical, plumbing, flooring, and structural build-out to commercial unites oved by CCD.

17. Plaintiff has no lease agreement nor signed any lease with Defendant Cleveland Chinatown Dev LLC and Defendant Cleveland Chinatown Dev LL ("CCD")has never served their frivolous

complaints for eviction on the agent of the companies Plaintiff invested. Defendants accepted
Plaintiff's financial contributions yet failed to provide the tenant companies with a safe and habitable
commercial space. Despite repeated requests, Defendants refused to repair severe flooding, structural
defects, and pervasive rat infestation, preventing the tenant businesses from ever opening for
operation and preventing Plaintiff from recovering her investment. Then Defendants obtained the
void eviction on Plaintiffs when Plaintiff has not been the tenants of Defendant CCD and evicted the
companies Plaintiff invested when the companies' agent was never served. Through the void
evictions, $800K worth property Plaintiff bought for the companies, whom she invested and who
have not been able to open for business to pay Plaintiff back due to CCD breach of lease agreement,
were unlawfully lost.

18. The commercial units experienced continuous flooding during rain events, structural water
damage, and dangerous rodent infestation throughout walls, ceilings, and floors. Defendants were
responsible under the lease to maintain habitable conditions and make necessary repairs but refused
to do so.

19. When Plaintiff requested inspection and accounting to determine why the businesses could not
open, Defendants retaliated against Plaintiff by filing four eviction actions in the Cleveland
Municipal Court, each time listing Plaintiff as a defendant even though she was not the tenant nor
the registered agent for either tenant company. Meanwhile according to the lease agreement, no
eviction was supposed to be filed.

20. Attorney Nancy Liang, acting as both counsel and company agent for CCD, knowingly made
false statements under oath regarding payments, service, and property conditions in order to conceal
CCD's lease breaches and obtain wrongful eviction orders.

21. Defendants failed to serve the registered agent of the tenant companies at the address listed in the

lease or the address registered with the Secretary of State. Instead, Defendants named Plaintiff as a defendant despite knowing she had no contractual relationship with Defendants and no legal role as agent or tenant.

22. Relying on Defendants' false statements, the municipal court issued void eviction orders without ever obtaining personal or subject-matter jurisdiction over the corporate tenants or over Plaintiff in defiance against law and Supreme Court of Ohio. These orders were void.

23. On or about September 3, 2025, acting under the void eviction orders, Defendants entered the premises and forcibly removed and destroyed business property belonging to Plaintiff, including equipment and inventory Plaintiff purchased for the companies.

24. On or about November 13, 2025, Defendants again entered the premises under the void orders and destroyed additional business property, including $200,000 at least worth medical merchandise, inventory, medical equipment, $300,00 worth  antique furniture, and $50,000 worth professional tools.

25. Defendants were fully aware that service had never been perfected and that the eviction orders were void, yet intentionally those void orders were used to seize and destroy Plaintiff's property and prevent the tenant businesses from operating.

26. Plaintiff suffered financial injury from Defendants' actions, including loss of her investment and loss of her interest in the businesses she supported, which depended on opening and operating to recover her investment.

27. In addition to economic loss, Defendants publicly accused Plaintiff of owing rent and being subject to eviction, which damaged Plaintiff's reputation, credit, and business prospects.

28. The moving company operated by David Thompson, hired by CCD, acting under the direction of CCD, Nancy Liang, and Huang, participated in the removal and destruction of Plaintiff's property

and refused to allow Plaintiff to reclaim, store, or retrieve belongings, concerted with Defendant Brown and McCall to transmit constant harassing torture threat blackmail messages to NH where Plaintiff resides.

29. Defendants acted jointly and under color of state law by obtaining and executing judicial orders through fraud and misrepresentation and using those void orders to enter property and destroy belongings. This constitutes state action under 42 U.S.C. §1983.

30. Defendants' actions were intentional, malicious, and performed with reckless disregard for Plaintiff's constitutional rights and for the financial consequences they knew would follow.

31. Defendants' retaliatory conduct prevented the tenant companies from opening for operation and prevented Plaintiff from recovering her financial investment in those businesses.

32. As a direct result of Defendants' misconduct, Plaintiff continues to suffer ongoing financial, reputational, and emotional harm that remains with her in New Hampshire.

33. Plaintiff seeks compensatory damages, punitive damages, declaratory relief, and all other relief the Court deems just and proper.

34. Defendant has illegally cut the lock of the business Plaintiff invested in before the void move out order was issued

35. Defendants Debra Brown and Phil McCall's house in city of Garfield Hts, OH was burnt down in the beginning of Dec 2025. Mayor Matt Burke reached out to Plaintiff for assistance. Till Feb 12, 2026, Plaintiff has not met these two defendants. Out of a good heart of a good Samaritan, Plaintiff offered these two individual a temporary work on Dec 13, 2025 to take pictures and videos of her property when they were released by Defendant Dave Thompson on Dec 13, 2025 after he illegally seized on Nov 13, 2025, who stored all Plaintiff's $800k worth property in a non climate controlled unit 218 and unit 119, Cube Smart, 5440 S Marginal Street, Cleveland, OH 44114 against the

Plaintiff's wish for climate controlled units. These two individuals are not agent for Plaintiff nor two companies Sara Mellott Real Estate Dev LLC and Jupiter Global Resources LLC she invested in, these two individuals were specifically directed not take unit 218 that has Plaintiff's property inside nor put that unit in their name, their job assignments were only to take pictures or videos, nothing more than that. Defendant Dave Thompson has written agreement with Plaintiff on Dec 12, 2025 that all property inside unit 218 were Plaintiff's and Plaintiff was allowed to examine every item when they were removed from his unit 218 to Plaintiff's climate controlled units in the same location Plaintiff has paid, he agreed for Plaintiff to retrieve all her property inside his unit 218 and agreed for her to transport all of them to her units on Dec 13, 2025 without signing any waiver while she was allowed to examine every item when she was retrieving. Plaintiff hired four 30 year old young guys come to move on Dec 13, 2025, rented moving truck and paid two climate controlled units at the same location and planned proceed to move every item out of unit 218 and unit 119 on Dec 13, 2025 to her units according to the written agreement between Defendant Dave Thompson and Plaintiff on Dec 12, 2025.

36. On Dec 13, 2025, Defendant Dave Thompson was two hours late and he intentionally breached the agreement he made with Plaintiff on Dec 12, 2025, instead of following the agreement, he made back door deal with unauthorized Defendant Debra Brown and illegally transferred the unit 218 that has Plaintiff's $500K worth property to Defendant Debra Brown's name, who was not and still is not agent of Plaintiff nor her companies. Defendant Dave Thompson hired by Defendant CCD and its owner Shaojia Huang and agent Defendant Liang has no legal right to transfer Plaintiff's property to nonauthorized person when there was no sale nor auction of her property he illegally seized and stored in non climate controlled units when they required to be stored in climate controlled units besides he has no legal right to store the other $300k worth property of Plaintiff in another person's

9

unit on Nov 13, 2025. As result, all property inside unit 218 were all gone and destroyed. Of course there are damages of property Defendant Dave Thompson stored in unit 119 as well.

37. Defendants Debra Brown and Phil McCall betrayed their duty they were paid in full by Plaintiff and concerted with Defendant Dave Thompson, deprived Plaintiff's rights to her and her companies' property, caused $500K and more damage.

38. Plaintiff was physically present at her home in Derry, New Hampshire when she received Defendants' threatening and coercive communications.

39. On Dec 13, 2025 6:00 pm when Plaintiff was having dinner at her home in New Hampshire, Plaintiff received a call from Defendant Dave Thnompson demanding money and making threats relating to Plaintiff's property.

40. On and around Jan 12, 2025 Defendant Philip McCall transmitted a written ransom note to Plaintiff in New Hampshire seeking money and /or compliance under threat of continued deprivation and /or disposal of property associated unit 218.

41. Defendants' communications included threats to dispose of property and claims of ownership over Plaintiff's property, and were intended to coerce Plaintiff and deter Plaintiff from pursuing recovery and legal remedies.

42. Defendants further transmitted repeated harassing, profane, and racially hostile communications to Plaintiff in New Hampshire, causing fear, distress, and disruption to Plaintiff's daily life and health while Plaintiff was at home in New Hampshire.

43. These New Hampshire-directed acts were not isolated. They were part of the same continuing scheme that began with the wrongful evictions/seizures and continued through threats, coercion, and harassment to keep Plaintiff from recovering property and to extract money from Plaintiff. The wrongful started in OH and are continuing in NH.

10

## III      <u>CAUSES OF ACTION</u>

### COUNT I — INTRUSION UPON SECLUSION (NH-Directed)

1. Plaintiff incorporates all prior paragraphs.

2. Defendants intentionally and repeatedly intruded upon Plaintiff's solitude and private affairs by directing unwanted, harassing, threatening, and coercive calls and messages to Plaintiff while Plaintiff was in New Hampshire.

3. The intrusion would be highly offensive to a reasonable person and caused Plaintiff injury in New Hampshire, putting Plaintiff's life in imminent danger.

### COUNT II — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (NH-Directed)

1. Plaintiff incorporates all prior paragraphs.

2. Defendants coordinated acts of filing fraudulent eviction actions, using void orders, and destroying Plaintiff's property were extreme and outrageous.

3. Defendants intended to cause Plaintiff emotional harm or acted with reckless disregard for the likelihood of causing such harm.

4. Defendants engaged in extreme and outrageous conduct including threats, coercion, and racially hostile harassment directed into New Hampshire to intimidate Plaintiff and extract money or compliance.

5. Defendants intended to cause, or recklessly disregarded the likelihood of causing, severe emotional distress.

6. Plaintiff suffered severe emotional distress and related harms in New Hampshire.

### COUNT III — CIVIL CONSPIRACY

1. Plaintiff incorporates all prior paragraphs.

11

2. Defendants agreed and acted in concert to deprive Plaintiff of property and to coerce Plaintiff through threats and harassment, including conduct occurring in Ohio and continuing through communications directed into New Hampshire.

3.Plaintiff suffered damages as a direct result.

## COUNT IV — CONVERSION (OH property; part of continuing scheme)

1. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

2. Defendants intentionally exercised dominion and control over Plaintiff's tangible property without lawful justification.

3. Defendants disposed of property and prevented Plaintiff from reclaiming it.

4. Plaintiff was permanently deprived of her property.

## COUNT V — CIVIL THEFT / TRESPASS TO CHATTELS

1. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

2.  Defendants intentionally took and destroyed Plaintiff's property with the purpose of benefiting themselves and harming Plaintiff.

3. The conduct constituted civil theft under applicable law.

4. Defendants intentionally interfered with Plaintiff's personal and business property and destroyed it without consent or legal justification.

5.Plaintiff suffered severe financial losses as a result.

## COUNT VI — CRIMINAL DAMAGE

1.Defendant Brown and McCall intentionally threw $40k worth 16 century museum quality rare executive desk, which  Defendant Dave Thompson stored in unit 218 and illegally transferred to Defendant Brown, in back yard of the house in Maple Hts, OH and covered with two ft and more snow, causing the antique loose all the value.

12

2. Defendants Brown and McCall dumped one fourth of the property, they stole from Plaintiff because Defendant Dave Thompson breached the agreement he had with Plaintiff and illegally transferred Plaintiff's $500k worth property to Defendant Brown, in the drive way in the mid night of Feb 9th to morning of Feb 10, 2026 and these one fourth of high value stolen property were found all completely broken and have no value any more. This is intentional criminal damage.

## COUNT VII- DEFAMATION

1.Defendants' false public filings and statements injured Plaintiff's reputation and reputation of the companies she invested in and their credit standing. Plaintiff and her former companies do not owe Defendant back rents because of breach of lease agreement, the Defendants by law are supposed to give all rents back to Plaintiff and companies she invested in because of Defendants' severe breach of the leases. Plaintiff has no lease agreement but was wrongly listed as one of defendants and was wrongfully forced to spend at least $10k on attorney fees, travel expensive from NH to OH, court cost, fees, administrative cost, gas, parking, mileage, etc, wage loss to defend herself for the frivolous lawsuits.

2. Defendants Brwon and McCall betrayed their paid duty and took up traitors' roles, concerting and supporting Defendants, defaming Plaintiff among her business associates and employees.

## COUNT VIII — TORTIOUS INTERFERENCE

Defendants illegally withhold Plaintiff's property, deprived Plaintiff and her companies access to their merchandise, inventory, tools, blocked business conduction for over three months. Plaintiff and her companies suffered severe personal and business loss.

## COUNT IX-- VIOLATION OF FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS
## (42 U.S.C. §1983)

1..Plaintiff incorporates all preceding paragraphs as though fully restated herein. Defendants acted under color of state law by committing fraud, obtaining and executing void eviction orders issued by

13

a municipal court that lacked personal jurisdiction due to defective process service.

2. Defendants deprived Plaintiff of property without due process of law by seizing and destroying business property based on void eviction orders.

3. Defendants' conduct violated Plaintiff's clearly established constitutional rights to due process of law.

## COUNT X — UNREASONABLE SEIZURE OF PROPERTY IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. §1983)

1. Plaintiff incorporates all preceding paragraphs as though fully restated herein. The removal and destruction of Plaintiff's property constituted an unreasonable seizure under the Fourth Amendment

2.The seizures were conducted without legal authority because the eviction orders were void ab initio due to lack of personal jurisdiction.

3. Defendants concerted together, acted intentionally and for the purpose of depriving Plaintiff of her property.

## COUNT XI— CIVIL RIGHTS CONSPIRACY (42 U.S.C. §1985)

1.Plaintiff incorporates all preceding paragraphs as though fully restated herein.

2.Defendants knowingly and intentionally conspired to obtain unlawful eviction orders and to use those orders to seize and destroy Plaintiff's business property.

3.Overt acts in furtherance of the conspiracy included the false sworn statements regarding knowledge of the registered agent, and coordinated execution of the wrongful seizures.

4.Defendants' conspiracy directly resulted in the destruction of approximately $900,000 in business and personal property.

## COUNT XII — RETALIATION FOR EXERCISING LEGAL RIGHTS AND INTERFERENCE   (42 U.S.C. §1983)

14

1. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

2. Plaintiff repeatedly asserted her former company's legal right to safe and habitable premises by notifying Defendants of flooding and rodent infestation, which Defendants were required to fix.

3. In response, Defendants retaliated against Plaintiff by initiating wrongful eviction proceedings and seizing her property because city health dept intended to shut Defendant CCD building down because of public health hazzard.

4. Defendants' conduct was motivated by retaliation and carried out with actual malice.

## COUNT XIII — FRAUD ON THE COURT

1. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

2. Defendants knowingly made false sworn statements to the eviction court regarding service of process and the identity of the tenant.

3. Defendants willfully misled the court to secure eviction orders they knew were void.

4. The purpose of the fraud was to obtain access to Plaintiff's business property and destroy it.

## COUNT XIV —BREACH OF LEASE AND IMPLIED WARRANTY OF LIABILITY

CCD breached its express and implied obligations by failing to maintain habitable premises, directly causing Plaintiff's losses.

## COUNT XV — INTERFERENCE WITH BUSINESS EXPECTANCY AND ECONOMIC ADVANTAGE

1. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

2. Plaintiff invested in and relied upon the expected success of the two commercial businesses operating at the premises.

3. Defendants intentionally interfered with Plaintiff's commercial interests by refusing to make required repairs and by destroying business inventory and equipment.

15

4.Defendants' interference directly caused the collapse of the intended business operations.

## COUNT XVI--PUNITIVE DAMAGES

1.Plaintiff incorporates all preceding paragraphs as though fully restated herein.

2.Defendants acted maliciously, oppressively, and with reckless indifference to Plaintiff's constitutional and property rights.

3.Punitive damages are necessary to punish Defendants and deter similar conduct in the future.

## IV DAMAGES AND RELIEF

1.As a direct and proximate result of Defendants' actions, Plaintiff suffered financial loss, business destruction, emotional harm, and deprivation of constitutional right

2. Plaintiff lost approximately $900,000 in commercial inventory, 16th–19th century antique furniture, medical equipment, merchandise stock, business supplies, and construction tools during the two unlawful seizures on September 3, 2025 and November 13, 2025.

3.In addition to the above-listed commercial inventory and business property, Plaintiff personally invested $200,000 in two companies for the rent paid to Defendants for two commercial spaces Defendants never made safe nor habitable. Defendants were legally obligated to repair structural and health hazards under the lease agreements but failed to do so. As a direct result of Defendants' breach, Plaintiff received no return from this rent investment.

4.Plaintiff further invested approximately $300,000 in construction, repairs, electrical upgrades, plumbing, flooring, ceilings, HVAC systems, and full build-out of eight commercial units, stairs. These improvements permanently increased the value of Defendants' building, yet Plaintiff and the two tenant companies were prevented from opening for business and therefore could not recover this investment.

5. The combined total of $500,000 in enrichment through rent and construction financed by Plaintiff

16

remains unpaid and unrecovered and directly contributed to Plaintiff's financial losses and Defendants' unlawful enrichment.

## V **PRAYER FOR RELIEF**

Plaintiff requests the following relief:

  a. Plaintiff requests injunctive relief ordering Defendants to pay Compensatory damages in the amount of at least $1.4 million, consisting of:

   • $900,000 in business property destroyed and seized, in which $100,000 were lost on Sep 3, 2025 void eviction and $800,000 were lost on Nov 13, 2025 eviction.

   • $200,000 in rent paid for commercial spaces that were unsafe and uninhabitable

   • $300,000 in construction and building improvements funded by Plaintiff

  b. Lost business revenue estimated at $4 million due to Defendants' actions of breaching lease agreement and preventing the two commercial companies from opening.

  c. Punitive damages in an amount to be determined at trial to punish Defendants for malicious, fraudulent, and oppressive conduct.

  d. Attorney's fees and litigation expenses as permitted under 42 U.S.C. §1988.

  e. Any additional relief the Court deems just and proper.

  f. Plaintiff lost income, business relationships, and prospective commercial opportunities as a result of Defendants' conducts.

  g. Plaintiff suffered severe emotional distress, anxiety, humiliation, and financial devastation as

17

a result of Defendants' malicious acts.

h. Plaintiff is entitled to recover compensatory damages, punitive damages, and all other relief

deemed just and proper by the Court.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and

against all Defendants, jointly and severally, and award the above relief.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/S/ Julia Rielinger

Julia Rielinger, Plaintiff, pro se

5 Tsienneto Road, #177, Derry, NH 03038

Email: juliarielinger@yahoo.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint will be served on all Defendants by

certified mail and/or commercial carrier at their last known business addresses immediately after

filing.

/s/ Julia Rielinger

Julia Rielinger, Plaintiff, pro se