**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


JULIA RIELINGER

     v.                                                                          Civ. No. 25-cv-481-LM-TSM

CLEVELAND CHINATOWN DEV. CORP, ET AL.


**REPORT AND RECOMMENDATION**

On January 13, 2026, the court ordered self-represented Plaintiff Julia Rielinger, a New Hampshire resident, to show cause why venue is proper in this court and why this case should not be transferred to the Northern District of Ohio, where all the named Defendants reside. (Doc. No. 7). Ms. Rielinger timely responded (Doc. No. 8). Having reviewed her submission, including the Amended Complaint appended to her filing (Doc. No. 10), the court finds that venue is improper in New Hampshire and that this case should be transferred to the United States District Court for the Northern District of Ohio.


**BACKGROUND**

This suit has its origins in a commercial premises eviction proceeding filed against Ms. Rielinger (or an entity she controlled), in municipal court in Cleveland, Ohio. See Cleveland Chinatown Dev. LLC v. Sara Mellott Real Estate Dev. LLC et al., Case No. 2025-CVG-009765 (Cleveland Mun. Ct. filed July 8, 2025) ("the Ohio case"). Partial judgment in the Ohio case was entered against Ms. Rielinger in September 2025. By virtue of that judgment, the landlord was granted possession of the premises. A bench trial on the second count of that complaint, seeking back rent, as well as a counterclaim filed by Ms. Rielinger, is scheduled for April 2026.

In this case, Ms. Rielinger sued the property manager of the premises from which she was evicted, as well as its owner and attorney. Other defendants were individuals and entities involved in the removal of Ms. Rielinger's property from the premises following the eviction order. She claims Defendants, individually and collectively, secured the eviction orders through fraud, perjury and other malfeasance and later sent her tortious communications. Ms. Rielinger claims Defendants violated her federal civil rights and state tort law.  She seeks "at least $1.4 million" and injunctive relief.

## DISCUSSION

As the court noted in its show cause order, all Defendants are located in Ohio. In addition, all of Ms. Rielinger's claims against them appeared to be based on actions they took in the Ohio case – either before or after partial judgment issued. These facts raised the question of whether the District of New Hampshire is the proper venue for this suit.

In her response, Ms. Rielinger asserts that venue is proper in this court because Defendants "purposefully directed . . . harassing and coercive communications" to her in New Hampshire. She attached numerous screenshots of texts to support these assertions. All of them appear to relate to the disposition of the property remaining at the premises Ms. Rielinger was ordered to vacate. While some of the messages contain harsh and insulting language, such as accusing her of being mentally ill, "curs[ing] everything related to ever being entangled with [her]," and calling upon her to harm herself, they are all related to the Ohio case and the court can discern no threats to her other than to dispose of her property if she did not make other arrangements, in light of the Ohio court's judgment.  In addition, much of the Amended Complaint consists of arguments as to why the Ohio judgment was incorrect. Ultimately, neither the information in Ms. Rielinger's response

nor the allegations in her Amended Complaint persuade the court that venue is proper in New Hampshire.

> The general venue statute provides that a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Based on Ms. Rielinger's allegations and the court's review of the Ohio state court proceedings, it still appears to the court that none of the requirements of section 1391(b) are satisfied. First, all defendants reside in Ohio. Next, the allegations in the Amended Complaint and the attached exhibits fall far short of demonstrating that a "substantial part of the events or omissions" took place in New Hampshire. Although Defendants sent texts messages to Ms. Rielinger, which she received in New Hampshire, those texts referred to property and legal proceedings located in Ohio. There are no other discernable connections between New Hampshire and the "events or omissions giving rise to" Ms. Rielinger's claims. 28 U.S.C. § 1391(b)(2). Finally, this action can be brought in another district, namely, the Northern District of Ohio.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court may order such a transfer sua sponte. Lewis v. Hill, 683 F. Supp. 3d 137, 151 (D. Mass. 2023) (citing Desmond v. Nynex Corp., No. 94-1230, 37 F.3d 1484, 1994 WL 577479, at *3 (1st Cir. Oct. 20, 1994) (per curiam) (unpublished)). Because "[o]ur judicial system zealously guards the attempts

3

of pro se litigants on their own behalf," the court finds that the interests of justice favor transfer of this action over dismissal. Tomas v. Buckley, No. 19-CV-12079-ADB, 2020 WL 2616304, at *5 (D. Mass. May 22, 2020) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)). The court further finds that the Northern District of Ohio, where all the events underlying this lawsuit took place and where all Defendants are located, is a suitable transferee court.

## CONCLUSION

Based on the foregoing, the district judge should direct the Clerk's office to transfer this case to the Northern District of Ohio. If this recommendation is adopted, the district judge should also deny all pending motions as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

March 24, 2026

cc:  Julia Rielinger, pro se